JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:20-cv-06927-SB-PVC | Date: | 11/30/2020 |
|---|---|---|---|

| Title: | *Raul Sotelo v. Browning-Ferris Industries of California, Inc., et al* |
|---|---|

| Present: The Honorable | STANLEY BLUMENFELD, JR., U.S. District Judge |
|---|---|

| Victor Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] ORDER REMANDING CASE TO STATE COURT (DKT. NO. 14)

Plaintiff Raul Sotelo filed a motion to remand. Dkt. 14 (Mot.). Defendants Browning-Ferris Industries California, Inc.; Republic Services, Inc.; Consolidated Disposal Service, LLC; and Philip Piste filed an opposition. Dkt. No. 16 (Opp.). And Plaintiff filed a reply. Dkt. No. 18.

### I. BACKGROUND

This is case involves an employee's multiple state-law claims against his employer. Plaintiff was an employee of Browning-Ferris Industries California, Inc., Republic Services, Inc., and Consolidated Disposal Service, LLC (the Corporate Defendants), and Defendant Philip Piste was Plaintiff's manager. *See* Dkt. 3-1 at 22-24 (Compl. ¶¶ 3-10).

On June 24, 2020, Plaintiff filed a complaint in state court against Defendants. *See* Compl. 1-19. The complaint raised several different state-law claims, including discrimination based on association, failure to prevent discrimination and harassment, harassment, retaliation, wrongful termination, failure to pay wages, failure to give meal breaks, failure to provide timely employment records, and intentional infliction of emotional distress. *Id.* at 9-19.

On July 31, 2020, the Corporate Defendants filed a notice of removal. Dkt. No. 1. They removed the case on federal question grounds, stating that Plaintiff's claims "require interpretation of a collective bargaining agreement" and thus are "completely preempted" by the federal Labor Management Relations Act. *Id.* ¶ 10. The notice did not indicate that Piste had consented to removal. *See id.* at ¶¶ 1-7. On August 21, 2020, the Corporate Defendants filed an answer to the complaint. Dkt. No. 11.

On August 28, 2020, Plaintiff filed a motion to remand, contending that removal was procedurally improper and that there was no federal question jurisdiction. Dkt. No. 14.

On September 8, 2020, Piste filed a joinder, consenting to the Corporate Defendants' notice of removal to federal court. Dkt. No. 15. That same day, all Defendants filed an opposition to the motion to remand. Dkt. No. 16.

On September 14, 2020, Plaintiff filed a reply. Dkt. No. 18.

On September 15, 2020, Piste filed an answer to the complaint. Dkt. No. 19.

## II.     REQUESTS FOR JUDICIAL NOTICE

Defendants request judicial notice of multiple documents. First, they request judicial notice of the original complaint, filed on June 24, 2020 in Los Angeles Superior Court, in the case *Raul Sotelo v. Browning Industries of California*. *See* Dkt. No. 3-1. "Court orders and filings are proper subjects of judicial notice" when they arise from related proceedings. *Vasserman v. Henry Mayo Newhall Mem'l Hosp.*, 65 F. Supp. 3d 932, 942-43 (C.D. Cal. 2014) Accordingly, this Court **GRANTS** the unopposed request for judicial notice of this document, but not for the truth of facts stated therein that are subject to reasonable dispute.

Second, Defendants request judicial notice of two collective bargaining agreements between Browning-Ferris Industries of California, Inc. and

International Union of Operating Engineers Local Union No. 12. Dkt. Nos. 3-2, 17. The Court determines that it is "unnecessary to take judicial notice" of these documents "to resolve the issues" presented by the motion to remand. *Haltman v. Aura Sys., Inc.*, 844 F. Supp. 544, 550 (C.D. Cal. 1993). Thus, the Court **DENIES** Defendants' request for judicial notice of these materials.

### III.  LEGAL ANALYSIS

Plaintiff offers three independent grounds for removal: (1) one of the defendants, Piste, did not consent to or join in the notice of removal and the time to do so has expired, (2) Defendants failed to provide the appropriate collective bargaining agreement in support of their notice of removal, and (3) the action does not present a federal question because all the claims arise from state law and do not require analysis of the governing collective bargaining agreement. Mot. 7.

The Court agrees that removal was improper because there the notice of removal was deficient and not timely cured. This alone justifies remand. *See Lopez v. Michael Weinig, Inc.*, No. CV 20-6012 PA (JEMX), 2020 WL 4192260, at *4 (C.D. Cal. July 17, 2020) (remanding action to state court due to deficient notice of removal and untimely attempt to cure).

#### A.  The Notice Of Removal Was Deficient.

"A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit." *Id.* (citing 28 U.S.C. § 1441(a)). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). "The defendant also has the burden of showing that it has complied with the procedural requirements for removal." *Riggs v. Plaid Pantries, Inc.*, 233 F. Supp. 2d 1260, 1264 (D. Or. 2001).

One procedural requirement for removal in a multi-defendant action is the so-called unanimity rule: "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C.A. § 1446(b)(2)(A). Typically, only "nominal, unknown, or fraudulently joined parties" need not consent to the removal. *United Computer Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002). "The exception for 'unknown' parties includes a party that has not been served at the time of removal." *Beltran v. Monterey Cty.*, No. C 08-05194 JW, 2009 WL 585880, at *2 (N.D. Cal. Mar. 6, 2009).

"Where fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal." *Prize Frize Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999) superseded by statute, on other grounds, as recognized in *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006).

Here, the notice of removal violates the unanimity rule. Though it lists Piste as a defendant, the notice states that "Defendants Browning-Ferris Industries of California, Inc., Republic Services, Inc., and Consolidated Disposal Service, LLC" remove the action from state to federal court. Dkt. No. 1 at 1-2. The notice does not indicate that Piste has "consented or joined." *Lopez*, 2020 WL 4192260, at *2. Nor does the notice "include a sufficient explanation for the absence of a joinder by Non-Removing Defendant, or any reason why [his] joinder was not necessary." *Id.* This falls short of the requirements for removal.

In response, Defendants note that only properly served defendants must consent to a removal and argue that Piste's service was deficient under California law. Opp. 3. Though Plaintiff provides a proof of service indicating Piste was personally served on July 6, 2020 at 9:40 a.m., Nguyen Decl. Ex. A, Defendants offer a declaration from Piste saying "the process server never personally served him, and instead continually knocked on Piste's door at 10:00 p.m., and then left documents at the front door, without confirming Piste's identity or residence." Opp. 3-4 (citing Dkt. No. 16-2 (Piste Decl.) ¶ 2). Defendants say this declaration shows Piste was never "properly served" and thus his "consent was not required for a proper removal." Opp. 4.[1]

---

[1] Defendants also contend that Plaintiff knows Piste was not properly served because Plaintiff has not yet sought a default judgment against Piste. Opp. 4. This contention is based on speculation—and questionable speculation at best. Prior to the issue being raised, Plaintiff would have had no reason to question a proof of personal service backed by a sworn declaration from a process server. Nguyen Decl. Ex. A. And failure to seek a default judgment in federal court says nothing. There are other reasons not to pursue this remedy, particularly when a party is challenging federal jurisdiction. *See Giraudo v. Henkels & McCoy*, No. CIV. 93-548-FR, 1993 WL 302354, at *2 (D. Or. July 28, 1993) (seeking default in federal court waives challenges to procedural defects in removal petition). Defendants' speculation is no better than conjecture that they did not move to quash service

But this appears to be the first time Defendants have challenged the sufficiency of Piste's service. Notably, Defendants do not raise this issue to challenge this Court's jurisdiction over Piste; rather, they seek only to avoid remand. Challenges to service are waived unless timely and properly raised. Fed. R. Civ. P. 12(h); Wright & Miller, 5B Fed. Prac. & Proc. Civ. § 1353 (3d ed.) ("A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint."). Here, there was no motion to dismiss or quash service. An opposition to a motion to remand is not the appropriate place to challenge service. *See id.* Absent a timely and formal challenge to service, the Court will presume the statutorily compliant proof of service was proper and will not adjudicate the issue in the context of a remand motion. *Floveyor Internat., Ltd. v. Superior Court*, 69 Cal. Rptr. 2d 457, 461 (1997) ("The filing of a proof of service creates a rebuttable presumption that the service was proper.").

The notice of removal was deficient for another reason. Removal is only proper when the removing defendants "explain affirmatively the absence of any co-defendants *in the notice of removal*." *Prize Frize*, 167 F.3d at 1266 (emphasis added). This requires an explanation for the absence of co-defendants who have not been served. *Riggs*, 233 F. Supp. 2d at 1268 (noting *Prize Frize*'s explanation requirement "applies to *all* co-defendants, even those who are exempted from joinder because they were not served or were fraudulently joined"); *accord* 14C Joan E. Steinman, Fed. Prac. & Proc. Juris. § 3733 (Rev. 4th ed.) ("[I]f unserved defendants have not joined the notice of removal, the removing defendants should explain their absence from that paper, in the removal notice."). Absent such an explanation, the notice is deficient on its face. *See, e.g.*, *Vargas v. Riley*, No. 18-CV-00567-JST, 2018 WL 2267731, at *2-4 (N.D. Cal. May 17, 2018).

In *Vargas*, a plaintiff moved to remand to state court because the notice of removal failed to comply with the unanimity rule. The removing defendant opposed remand, arguing there were no other properly served defendants at the time of removal. *Id.* at *3. According to the opposition, the process server's declaration that he personally served the other defendant at a particular address was "not possible" because that defendant had permanently left that address. *Id.*

---

because they knew Piste was personally served—as opposed to other strategic reasons.

Even so, the court remanded the case because the notice of removal did "not mention" that defendant at all. *Id.* Questions about the effectiveness of service did not relieve the removing defendant of "its burden 'to explain affirmatively the absence of any co-defendants in the notice of removal.'" *Id.* (quoting *Prize Frize*, 167 F.3d at 1266).

Similarly, the notice of removal here does not explain Piste's absence. Other than listing him in the case title, there is no reference to Piste at all. *See* Dkt. No. 1. Even assuming Piste had a challenge to the sufficiency of service, the Corporate Defendants still bore a duty to explain his absence in the notice of removal, which they failed to do. An explanation of Piste's absence in the opposition to motion to remand comes too late. *See, e.g., Vargas*, 2018 WL 2267731 at *3 n.3 (rejecting explanation filed in opposition to motion filed more than thirty days after service of complaint); *Garcia-Pardini v. Metro. Life Ins. Co.*, No. C-01-0088 VRW, 2001 WL 590037, at *2 (N.D. Cal. May 17, 2001) (rejecting explanation filed in opposition to remand motion despite raising "serious questions" about service).

Thus, the notice of removal was "facially defective" and "removal was improper." *Prize Frize*, 167 F.3d at 1266.

### B. Piste's Belated Joinder Is Not A Cure.

Defendants further argue that any defect in the removal procedure is overcome by Piste's consent to join the removal on September 8, 2020. Opp. 4. In support, they quote *Destfino v. Reiswig*, 630 F.3d 952, 957 (9th Cir. 2011) for the proposition that "a district court may allow the removing defendants to cure the defect by obtaining joinder of all defendants prior to the entry of a judgment." *Id.*

*Destfino* does not establish such a broad rule. As one court explained, *Destfino* is one in a line of cases that address a narrow issue raised when a lawsuit has been "fully adjudicated through judgment." *Lewis v. HSBC Bank USA, N.A.*, No. CV 17-00234 DKW-KSC, 2017 WL 3671279, at *10 (D. Haw. Aug. 25, 2017). Strong competing interests in such cases, including the tax on both court systems and the parties, weigh in favor of excusing the defect rather than reversing a judgment and remanding the case to start anew in state court. *Id.* Those concerns do not apply where, as here, the "case is in its earliest stages at the trial level and remand will have a limited impact on the case, if at all." *Id.* In the typical context of a remand motion, courts must "enforce the procedural requirements associated with removal." *Id.*

Under the rules of removal, a "defendant [has] 30 days after receipt or service of an initial pleading or summons to file a notice of a removal." *Palmeira v. CIT Bank, N.A.*, No. CV 17-00275 ACK-RLP, 2017 WL 4797515, at *3 (D. Haw. Oct. 24, 2017) (citing 28 U.S.C. § 1446(b)(2)(B)). These "time limits . . . are mandatory," and a "timely objection to a late petition will defeat removal." *Id.* (quoting *Smith v. Mylan Inc.*, 761 F.3d 1042, 1045 (9th Cir. 2014)). Applying this requirement in a multi-defendant case, numerous courts have affirmed that "defendants must consent to removal within the 30-day removal period of the last-served defendant." *Lopez*, 2020 WL 4192260, at *4 (collecting cases); *Zambrano v. New Mexico Corr. Dep't*, 256 F. Supp. 3d 1179, 1186 (D.N.M. 2017) (remanding action for lack of compliance); *Palmeira*, 2017 WL 4797515, at *5 (same).

Here, Piste, the last-served defendant, filed a joinder to Defendants' notice of removal on September 8, 2020. Dkt. No. 15. This was outside the 30-day removal period, which began running when Piste was served on July 6, 2020. *See* Nguyen Decl. Ex. A. Thus, because the notice of removal was procedurally defective and the attempt to cure the defect was untimely, the requirements for removal were not met and remand is proper. *See Lopez*, 2020 WL 4192260 at *4; 28 U.S.C. § 1447(c).

## C. The Court Declines To Award Attorneys' Fees And Costs.

When a federal court remands a previously removed case, the "order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C.A. § 1447(c). Courts may award attorney fees only where the removing party lacks an objectively reasonable basis for seeking removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Here, the Court declines to award fees and costs particularly because "there is no evidence that the removal was made in bad faith." *Beltran*, 2009 WL 585880, at *3. Though the removal was ultimately improper, it was not so contrary to clear law to justify fees and costs. *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008) (noting removal is not objectively unreasonable "solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted").

## IV. **CONCLUSION**

For these reasons, the Court **GRANTS** Defendant's request for judicial notice of the state court complaint but **DENIES** the request for judicial notice of the collective bargaining agreements. The Court **REMANDS** this case to the state court from which it was removed and **DENIES** Plaintiff's requests for attorneys' fees and costs.

**IT IS SO ORDERED**.